Callahan, J.
This appeal involves questions as to the liability- of a tenant of commercial property for damages based on holding over after the expiration of a statutory tenancy.
The defendant occupied the fifth floor of the building at 207-17 West 25th Street, New York City, for the manufacture and sale of razor blades under a lease expiring January 31,1946. The defendant continued to occupy the space as a statutory tenant until April 15, 1947. On that date the defendant moved its business from the premises, but kept the space under lock and key (though vacant and unused), and refused to surrender possession to the plaintiff landlord.
Eventually summary dispossess proceedings were brought in the Municipal Court of the City of New York, which granted a final order to the landlord with a stay effective until April 18, 1948. On appeal to the Appellate Term of the Supreme Court, a further stay was granted pending appeal, and eventually the final order of the Municipal Court ivas reversed. Thereafter an appeal was taken to this court, which on January 31, 1949, reversed the determination of the Appellate Term and reinstated the final order of the Municipal Court. It was held that the tenant was no longer entitled to the protection of the emergency rent laws upon ceasing to carry on its business in the premises. We found that the record disclosed a wrongful attempt by the tenant to gain some speculative advantage by retention of the premises. (See 207-17 West 25th St. Co. v. Blu-Strike Safety Razor Blade Co. 274 App. Div. 1051.)
*95 The complaint in the present case contains three causes of action. We are concerned only with the first two of these causes of action and are to determine whether a motion by the landlord for summary judgment and an assessment of damages was properly denied as to them.
The first cause of action is brought to recover attorney’s fees in connection with the dispossess proceedings under a covenant in the original lease providing for the payment of such fees as additional rent if the landlord was compelled to institute any proceedings because of default by the tenant under the lease.
We assume for the purposes of this appeal that such covenant in the lease was applicable during the period when the defendant continued in possession as a statutory tenant. Nevertheless, we fail to see how the landlord can enforce the covenant under the present circumstances. Although the petition in the dispossess proceedings alleged the breach of a substantial covenant in the lease, it is quite clear that the proceedings were brought on the basis that the tenant wrongfully held over not as a statutory tenant but as a trespasser, and it was upon a finding to that effect that the final order was granted. Therefore, a breach of the lease was not the ground of dispossess. Clearly, there could not be any additional rent due to the landlord after it served a notice to vacate as the basis for the summary proceeding. In this connection the case of Barrow Realty Corp. v. Village Brewery Restaurant (272 App. Div. 262) cited by the plaintiff is distinguishable on its facts. In that case a summary proceeding for nonpayment of rent was brought against a statutory tenant. The covenant to pay rent was enforcible against such a tenant. Accordingly, we hold that the first cause of action is insufficient, and that the defendant is entitled to summary judgment dismissing the same.
The second cause of action is to recover as damages the difference between the emergency rent and the fair rental value of the premises from April 18, 1948, the date of the expiration of the stay issued by the Municipal Court, to January 31, 1949, when the tenant surrendered the premises. During each month of this period the tenant paid a sum equal to the emergency rent. These payments were first made in accordance with the stay issued by the Appellate Term, but this circumstance did not relieve the tenant of any liability from damages (Kespert v. Union Ind. Co., 198 N. Y. S. 532), especially as the order granting the stay expressly provided that the payments were to be made without prejudice to the landlord’s rights. After that stay expired, the payments were apparently continued without *96 prejudice. At least, the landlord so alleges, -and the tenant sets forth no facts to show any waiver.
We find no triable issue of fact with respect to the tenant’s liability for nominal damages at least. It follows from our decision in Smith v. Feigin (276 App. Div. 531) that liability for damages would exist under these circumstances. In that case, where the facts were basically similar, we said (p. 535): “ Defendants were formerly statutory tenants, to be sure, but were held to be trespassers when plaintiff obtained a final dispossess order in the Municipal Court. After that they were no longer entitled to take advantage of a rent which had been held down by the Legislature through an exercise of the police power for the benefit of legitimate statutory tenants.”
Though only special and not general damages were sought in the Smith case (supra), we indicated that the latter would be recoverable if it could be shown that the premises withheld had a market value in excess of the emergency rent. This fact will be the subject of proof upon an assessment of damages in the present case. In determining this question, however, consideration must be given to the provisions of the emergency rent laws restricting the rent to be obtained for commercial space subject to such laws. If the proof establishes that higher market value existed despite such restrictions, there may be a basis for fixing compensatory damages. On the other hand, if the trier of the claim for damages should find that the emergency rent represented the best rent legally obtainable, an award of only nominal damages would be proper.
The order appealed from should be modified to the extent of granting summary judgment in favor of the defendant on the first cause of action alleged in the complaint and to the plaintiff on the second cause of action with an assessment of damages as indicated herein.
Glennoh, J. P., Dore, Cohh and Shiemttag, JJ. concur.
Order unanimously modified to the extent of granting summary judgment in favor of the defendant on the first cause of action alleged in the complaint and to the plaintiff on the second cause of action with an assessment of damages as indicated in the opinion herein. Settle order on notice.